FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 27, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDALL G., <br><br> Plaintiff, <br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[1] <br><br> Defendant. | No: 1:21-CV-03076-LRS <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 20. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Kathryn Higgs. Defendant is represented by Special Assistant United States Attorney Lisa Goldoftas. The

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 15, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 20, and **REMANDS** the case for to the Commissioner for additional proceedings.

**JURISDICTION**

Plaintiff Randall G.[2] filed an application for Disability Insurance Benefits (DIB) on May 26, 2015, Tr. 109, alleging disability since February 15, 2012, Tr. 318, due to numbness in both legs, severe lower back pain, severe bilateral hip pain, right knee pain, depression, and sleep issues, Tr. 361.[3]  Benefits were denied

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[3]The Court notes that Plaintiff had a prior application for DIB dated July 18, 2013, alleging disability as of December 5, 2006.  Tr. 304-12.  There is no evidence in the record indicating the final determination of the application.  The ALJ made her determination addressing the period from Plaintiff's alleged onset date, February 15, 2012, through Plaintiff's date last insured, June 30, 2017.  Tr. 15-27.  Therefore, the ALJ's decision is a de facto reopening of the prior application.  *See Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001).

ORDER - 2

1  initially, Tr. 162-68, and upon reconsideration, Tr. 170-76. A hearing before

2  Administrative Law Judge ("ALJ") Eric Basse was conducted on March 23, 2018.

3  Tr. 41-77. Plaintiff was represented by an attorney and testified at the hearing. *Id*.

4  The ALJ also took the testimony of vocational expert Theresa Wolford. *Id*. The

5  ALJ denied benefits on May 24, 2018. Tr. 136-47. The Appeals Council granted

6  Plaintiff's request for review and remanded the case back to the ALJ on June 28,

7  2018. Tr. 155-59.

8        A second hearing was held on March 10, 2020, before ALJ Virginia M.

9  Robinson. Tr. 78-102. The ALJ took the testimony of Plaintiff and vocational

10 expert, Kimberly Mullinax. *Id*. The ALJ entered an unfavorable decision on

11 March 30, 2020. Tr. 15-27. The Appeals Council denied Plaintiff's request for

12 review on April 29, 2021. Tr. 1-5. Therefore, the ALJ's March 30, 2020 decision

13 became the final decision of the Commissioner. This case is now before this Court

14 pursuant to 42 U.S.C. § 405(g). ECF No. 1.

15                              **BACKGROUND**

16       The facts of the case are set forth in the administrative hearing and

17 transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.

18 Only the most pertinent facts are summarized here.

19       Plaintiff was 46 years old at the alleged onset date. Tr. 318. He completed

20 the twelfth grade in 1984 and had training as a machinist and in business

21 management. Tr. 362. Plaintiff had a work history as an assistant manager, first

ORDER - 3

1  class mechanic, gopher, and group lead. Tr. 363. At application, he stated that he

2  was still working, but had made changes to his work due to his conditions as of

3  February 15, 2012. Tr. 362.

## STANDARD OF REVIEW

5  A district court's review of a final decision of the Commissioner of Social

6  Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is

7  limited; the Commissioner's decision will be disturbed "only if it is not supported

8  by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

9  1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a

10 reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

11 (quotation and citation omitted). Stated differently, substantial evidence equates to

12 "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and

13 citation omitted). In determining whether the standard has been satisfied, a

14 reviewing court must consider the entire record as a whole rather than searching

15 for supporting evidence in isolation. *Id*.

16 In reviewing a denial of benefits, a district court may not substitute its

17 judgment for that of the Commissioner. "The court will uphold the ALJ's

18 conclusion when the evidence is susceptible to more than one rational

19 interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

20 Further, a district court will not reverse an ALJ's decision on account of an error

21 that is harmless. *Id*. An error is harmless where it is "inconsequential to the

ORDER - 4

[ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis

ORDER - 5

proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in

ORDER - 6

the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

Initially, the ALJ found that Plaintiff met the insured status requirements

ORDER - 7

under the Social Security Act through June 30, 2017. Tr. 18. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date, February 15, 2012, through the date last insured, June 30, 2017. Tr. 18. At step two, the ALJ found that through the date last insured Plaintiff had the following severe impairments through the date last insured: degenerative disc disease; bilateral shoulder conditions; obesity; and depressive disorder. Tr. 18. At step three, the ALJ found that through the date last insured Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 19. The ALJ then found that through the date last insured Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> could occasionally climb ramps or stairs; occasionally crawl; frequently handle and finger; never climb ladders, ropes or scaffolds; frequently stoop, kneel, and crouch; frequently reach overhead; must avoid concentrated exposure to extreme cold, excessive vibration, and workplace hazards such as working with dangerous machinery and working at unprotected heights; if working in a seated position for longer than one and a half hours, would need to be able to stand and stretch for one to two minutes once between breaks; is limited to simple, routine tasks and previously well-learned detailed tasks, with no requirement to learn new detailed tasks, in a routine work environment.

Tr. 21. At step four, the ALJ found that Plaintiff had past relevant work as an assembler mechanic and was unable to perform this past relevant work through the date last insured. Tr. 25. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in

ORDER - 8

significant numbers in the national economy that Plaintiff could perform through the date last insured, including positions as cleaner/housekeeper, cashier II, and marker. Tr. 26. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged date of onset through the date last insured. Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him DIB under Title II of the Social Security Act. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly addressed Plaintiff's symptom statements;
2. Whether the ALJ properly addressed the medical opinions in the file; and
3. Whether the ALJ erred in her step five determination.

## DISCUSSION

**1. Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in evaluating his symptom testimony. ECF No. 15 at 6-10.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti,* 533 F.3d at 1039. First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets

ORDER - 9

this threshold, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

The ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record prior to June 30, 2017." Tr. 22. The ALJ supported her finding with two reasons: (1) the medical evidence is only partially consistent with the claimant's allegations and (2) Plaintiff's lack of treatment suggests that his symptoms were not as severe as he alleged during the relevant period. T. 22-24.

The ALJ's first reason, that the medical evidence is only partially consistent with Plaintiff's allegations, alone is not sufficient to support the ALJ's decision. Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the only reason for rejecting a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). As discussed below, the ALJ's second reason for rejecting Plaintiff's symptom statements was not supported by substantial evidence. Therefore, inconsistencies with the medical evidence alone is not sufficient to meet the specific, clear and convincing standard.

ORDER - 10

1      The ALJ's second reason, that Plaintiff's lack of treatment suggests his

2 symptoms were not as severe as alleged, is not supported by substantial evidence.

3 Noncompliance with medical care or unexplained or inadequately explained

4 reasons for failing to seek medical treatment cast doubt on a claimant's subjective

5 complaints. 20 C.F.R. § 404.1530; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

6 1989). However, a claimant cannot be denied benefits due to a lack of treatment if

7 he cannot afford the treatment. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir.

8 1995). The ALJ noted that Plaintiff had only five appointments for back pain

9 control in 2015 and no further treatment prior to December 2017. Tr. 24. Plaintiff

10 reported that he put off surgery because he was having trouble with his insurance,

11 Tr. 66, and he failed to seek treatment between June of 2017 and December of

12 2017 because he did not have insurance, Tr. 84. The ALJ found that "there is no

13 mention of insurance difficulties in the treatment record," and "there is no evidence

14 that the claimant attempted to use no or low cost clinics, or that he utilized

15 emergency rooms." Tr. 24.

16      The ALJ's assertion that there is no mention of insurance difficulties or the

17 use of emergency room visits in the treatment record is not supported in the record.

18 During treatment in 2015, Plaintiff's insurance was listed as Assurant Health, Tr.

19 498, and later as United Healthcare Community Plan of WA – Healthy Options

20 (Medicaid HMO), Tr. 530, 533, 536, 539, 542, 546. In January of 2016, Plaintiff

21 was seen a final time with United Healthcare Community Plan of WA – Healthy

ORDER - 11

1  Options (Medicaid HMO) listed as his insurance. Tr. 948. He then has a gap in
2  treatment until he a trip to the emergency room at Virginia Mason Memorial on
3  December 20, 2017, where it was reported that he had no insurance. Tr. 1001,
4  1519. When a subsequent emergency room visit on December 26, 2017 resulted in
5  a hospital admittance on December 27, 2017, the record demonstrates difficulties
6  having his treatment covered. Some paperwork continues to list his insurance as
7  the Healthy Options plan from 2015. Tr. 1061. There is a discussion of his
8  insurance not covering transportation to the appropriate facility. Tr. 1487. He is
9  then placed on a managed Medicaid plan. Tr. 1148. When he was placed in a
10 rehab facility, this plan required Plaintiff to continue to use IV treatments to retain
11 his insurance coverage. Tr. 1178. Thereafter, Plaintiff was placed on a
12 Coordinated Care plan listed as a Medicaid Replacement plan. Tr. 1285, 1288,
13 1291. The record demonstrates that Plaintiff was on a Medicaid plan and received
14 treatment in 2015 and January 2016. Thereafter, he was listed as uninsured for the
15 Emergency Room visit in early December of 2017. This is then followed by a
16 series of changing insurances in late December of 2017 and into 2018. Therefore,
17 the ALJ's statement that there is no evidence of insurance difficulties or using
18 emergency rooms is not supported by the evidence and cannot be upheld. In fact,
19 the evidence appears to support Plaintiff's assertion that he was uninsured during
20 the treatment gap.
21         Plaintiff also discusses the ALJ's statement that Plaintiff reported he could

ORDER - 12

1  "possibly" work.  ECF No. 15 at 8.  However, the ALJ did not find that this

2  statement undermined Plaintiff's symptom statements: "He stated, however, that

3  prior to June 30, 2017, he 'possibly' could have worked, but stated he had

4  difficulty walking, could only sit for about one and a half hours at one time before

5  needing to stretch." Tr. 22.  Therefore, the Court need to address this statement

6  further.

       In conclusion, the ALJ failed to provide a specific, clear and convincing reason for rejecting Plaintiff's symptom statements.  Therefore, the case is remanded for the ALJ to properly address these statements.

**2.    Medical Opinions**

       Plaintiff challenges the weight the ALJ assigned the opinions from treating providers.  ECF No. 15 at 10-15.

       There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.*  If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing

ORDER - 13

reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995)).

Plaintiff presents an argument addressing the new regulation, 20 C.F.R. § 404.1520c, and how the ALJ considers medical opinions. ECF No. 15 at 12. However, the new regulation only applies to cases filed after March 27, 2017. 20 C.F.R. § 404.1520c. Plaintiff filed this case on May 26, 2015. Tr. 109. Therefore, 20 C.F.R. § 404.1520c does not apply, and Ninth Circuit caselaw is still applicable in this case.

Since the case is being remanded for the ALJ to properly address Plaintiff's symptom statements, the ALJ will also readdress the medical opinions in the file in accord with Ninth Circuit caselaw and assign weight to each opinion..

**3.    Step Five**

Plaintiff challenges the ALJ's step five determination by arguing that the vocational expert relied on an incomplete hypothetical. ECF No. 15 at 15-17. Here, the ALJ has been instructed to readdress Plaintiff's symptom statements and the medical opinions on remand. Therefore, a new RFC determination is required, as well as a new step four and a new step five determination.

**CONCLUSION**

ORDER - 14

Plaintiff requests that the case be remanded for an immediate award of benefits. ECF No. 15 at 17.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Chater*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Upon remand, the ALJ will readdress Plaintiff's symptom statement, readdress the

ORDER - 15

medical opinions, make a new RFC determination, make a new step four determination, and make a new step five determination. The ALJ will supplement the record with any outstanding evidence and call a vocational expert to provide testimony at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2. Defendant's Motion for Summary Judgment, ECF No. 20, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** June 27, 2022.

*(signature)*

LONNY R. SUKO
Senior United States District Judge

ORDER - 16